**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ESTER LAMTIAR TAMBUNAN, | No. 11-73039 |
| Petitioner, | Agency No. A099-739-058 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 14, 2013[**]

Before:     SCHROEDER, GRABER, and PAEZ, Circuit Judges.

Ester Lamtiar Tambunan, a native and citizen of Indonesia, petitions for

review of the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's decision denying her application for asylum and withholding

of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Tambunan testified to her experiences in the 1998 riots, an attack in 2000 on a new building her church was constructing, and problems she encountered in practicing her religion. Substantial evidence supports the agency's determination that these experiences did not rise to the level of persecution. *See Halim v. Holder*, 590 F.3d 971, 975-76 (9th Cir. 2009) (incidents including beating by rioters did not compel finding of past persecution); *Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) ("[t]hough Nagoulko's religious practice and work was not free from interruption or harassment, she was not prevented from practicing her religion"). Further, as Tambunan has not established past persecution, she is not entitled to a presumption of future persecution. *See Molina-Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir. 2002). Substantial evidence also supports the agency's finding that Tambunan failed to establish a well-founded fear of persecution because, even under disfavored group analysis, she did not demonstrate sufficient individualized risk. *See Halim*, 590 F.3d at 979 (petitioner failed to show he was individually targeted or likely to be individually targeted where he "failed to offer any evidence that distinguishes his exposure from those of all other ethnic Chinese Indonesians"); *cf. Sael v. Ashcroft*, 386 F.3d 922, 927-29 (9th Cir. 2004). Further,

2

Tambunan's safe return to Indonesia from 2004-2006, albeit to address a family property matter, undercuts her objective fear of future persecution. *See Loho v. Mukasey*, 531 F.3d 1016, 1017-18 (9th Cir. 2008) (history of willingly returning to home country "militates against a finding of past persecution or a well-founded fear of future persecution"). Accordingly, Tambunan's asylum claim fails.

Finally, because Tambunan failed to meet the lower standard of proof for asylum, her claim for withholding of removal necessarily fails. *See Zehatye*, 453 F.3d at 1190.

**PETITION FOR REVIEW DENIED.**